# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# NORTHEASTERN DIVISION

| | |
|---|---|
| **SHERELL ANNE DOLNEY,** | ) |
| **Plaintiff,** | ) ) ) |
| v. | ) ) CASE NO. _____ |
| **AETNA LIFE INSURANCE COMPANY,** an insurance company licensed by the State of Alabama; **THE HARTFORD FINANCIAL SERVICES GROUP, INC.,** a corporation; and **HARTFORD LIFE AND ACCIDENT INSURANCE COMPANY,** an insurance company licensed in the state of Alabama. | ) ) ) ) ) ) ) ) |
| **Defendants.** | |

## NOTICE OF REMOVAL

Pursuant to 28 U.S.C. § 1446, Aetna Life Insurance Company ("Aetna"), Hartford Life and Accident Insurance Company, and the Hartford Financial Services Group, Inc. (collectively the "Defendants") hereby file this Notice of Removal of this case from the Circuit Court of Madison County, Alabama, Case No. 47-CV-2021-900402, where it is currently pending, to the United States District Court for the Northern District of Alabama, Northeastern Division. As discussed below, removal of this action is proper pursuant to this Court's federal question subject matter jurisdiction under 28 U.S.C. § 1331 and § 1441 because Plaintiff's claim for benefits against Defendants invokes the Courts federal question jurisdiction under

the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1001 *et seq*. Defendants respectfully show the Court as follows:

1. Plaintiff Sherell Anne Dolney instituted a civil action against Defendants in the Circuit Court of Madison County, Alabama, on March 29, 2021. True and correct copies of all of the pleadings, process, and orders received by Defendants in the Circuit Court action are attached hereto collectively as Exhibit A.

2. Plaintiff's Complaint was served upon Aetna on April 5, 2021. The Hartford Financial Services Group, Inc. and Hartford Life and Accident Insurance Company were served on April 12, 2021. This Notice of Removal is filed, pursuant to Rule 6(a) of the Federal Rules of Civil Procedure and 28 U.S.C. § 1446(b), within thirty (30) days after the filing of the Complaint and service of the initial pleading on a defendant upon which the aforesaid action is based.

3. This action could have been originally filed in this Court because Plaintiff's claim invokes the Court's federal-question jurisdiction under ERISA and 28 U.S.C. § 1331.

4. The United States District Court for the Northern District of Alabama, Northeastern Division is the federal judicial district embracing the Circuit Court of Madison County, Alabama, where this suit was originally filed. Venue is therefore proper under 28 U.S.C. §§ 81(a)(2) and 1441(a).

## FEDERAL QUESTION JURISDICTION – ERISA PREEMPTION

5. In her Complaint, Plaintiff alleges that she seeks to recover under the Long Term Group Disability Insurance Policy issued by Aetna to her employer, The Boeing Company, to provide group disability insurance coverage for the employees of The Boeing Company in Huntsville, Alabama. (*See* Exhibit B, Compl. at 4, ¶ 10). Based upon an alleged termination of Plaintiff's LTD benefits, Plaintiff seeks all benefits she is entitled to receive under the Policy. (*See* Exhibit B, Compl. at 13).

6. The Long Term Group Disability Insurance Plan (the "Plan") is an "employee welfare benefit plan" under ERISA. 29 U.S.C. § 1002(1).

7. Aetna issued Policy Number 000707 to insure the LTD component of The Boeing Company's employee welfare benefit plan ("the Plan"), which is governed by ERISA. A true and correct copy of the Policy is attached hereto as Exhibit C and specifically references ERISA.

8. Plaintiff was a participant in the Plan based on her employment with The Boeing Company. Defendants complied with the ERISA reporting and disclosure requirements for the Plan under 29 U.S.C. § 1024(a)(1). A copy of the 2019 Form 5500 referencing the LTD Plan is attached hereto as Exhibit D.

9. This action against Defendants could have been originally filed in this Court pursuant to 29 U.S.C. § 1132 as Plaintiff seeks to recover benefits under the

Plan, an employee welfare benefits plan governed by ERISA.  (*See* Exhibit B, Compl. at "Wherefore" clause at 13).

10. Although removal based on federal question jurisdiction generally is proper only if a federal question appears on the face of a well-pleaded complaint, the field of employee benefit plans is one of the areas subject to complete preemption under federal law.  *See Aetna Health Inc. v. Davila*, 542 U.S. 200, 210 (2004); *Conn. State Dental Ass'n v. Anthem Health Plans, Inc.*, 591 F. 3d 1337, 1344 (11th Cir. 2009).

11. In *Anthem*, the Eleventh Circuit adopted the test for complete preemption under ERISA as set forth in the United States Supreme Court case *Aetna Health Inc. v. Davila*, 542 U.S. 200 (2004) ("*Davila*").  *Anthem*, 591 F.3d at 1345.[1] As the Eleventh Circuit explained, "the *Davila* test . . . requires two inquiries, (1) whether the plaintiff could have brought [its] claim under § 502(a); and (2) whether no other legal duty supports the plaintiff's claim."  *Anthem*, 591 F.3d at 1345.

---

[1] In *Davila*, the Supreme Court stated:

> [I]f an individual brings suit complaining of a denial of coverage for medical care, where the individual is entitled to such coverage only because of the terms of an ERISA-regulated employee benefit plan, and where no legal duty (state or federal) independent of ERISA or the plan terms is violated, then the suit falls within the scope of ERISA § 502(a)(1)(B).  In other words, if an individual, at some point in time, could have brought his claim under ERISA § 502(a)(1)(B), and where there is no other independent legal duty that is implicated by a defendant's actions, then the individual's cause of action is completely pre-empted by ERISA § 502(a)(1)(B).  *Davila*, 542 U.S. at 210.

12. The first part of the *Davila* test, whether a plaintiff could have brought her claim under ERISA, is satisfied if two requirements are met: (1) the plaintiff's claims falls within the scope of ERISA; and (2) the plaintiff has standing to sue under ERISA. *Id.* at 1350; *Davila*, 542 U.S. at 211-12.

13. Plaintiff's claim here fall squarely within the scope of ERISA. Although Plaintiff's complaint does not include any express claims or counts for relief, she does seek benefits in connection with the denial of her claim for long-term disability benefits under her employer's plan. While Plaintiff never references the ERISA statute, she repeatedly claims that Defendants violated the ERISA regulations and expressly cites 29 C.F.R. Section 2560.503-1(h)(4)(ii) as the foundation for such ERISA violation. Such allegations directly concern a claim for benefits under an ERISA-governed Plan; thus, they fall within the scope of ERISA. *See Anthem*, 591 F.3d at 1351.

14. Plaintiff also satisfies the standing requirement to sue under § 502(a)(1) as a participant under the Plan. *See* 29 U.S.C. 1132(a)(1), ERISA § 502(a)(1). Accordingly, the first prong of the *Davila* test is met in this case.

15. The second prong of the *Davila* test adopted by the Eleventh Circuit in *Anthem* is whether no independent legal duty supports Plaintiff's claim against Defendant. *See Anthem*, 591 F.3d at 1345. As described above, Plaintiff's claim against Defendant relates to an ERISA-governed Plan and asserts an allegedly

improper termination of benefits thereunder. *Id.* at 1353. In other words, the duty upon which Plaintiff's claim is based cannot exist independently of the Plan and no independent legal duty supports Plaintiff's claim against Defendant.

16. Accordingly, both prongs of the *Davila* test for complete preemption are met in this case, and Plaintiff's claim against Defendant is ERISA-preempted. *See Pilot Life Ins. Co. v. Dedeaux*, 481 U.S. 41, 47 (1987).

17. The District Courts of the United States are given original jurisdiction over civil actions under ERISA pursuant to 28 U.S.C. § 1331 without respect to the amount in controversy or the citizenship of the parties. Therefore, this action may be removed to the United States District Court for the Northern District of Alabama, Northeastern Division, pursuant to the provisions of 28 U.S.C. § 1441(a).

## **MISCELLANEOUS**

18. A copy of this Notice of Removal is being filed with the Circuit Court of Madison, County, Alabama, as provided by law, and written notice is being sent to Plaintiff's counsel.

19. Along with this Notice of Removal, Defendants will tender to the Clerk of this Court the funds necessary to secure removal.

20. This Notice of Removal is filed within thirty (30) days after receipt by a Defendant of the initial pleading on which the aforesaid action is based pursuant to Rule 6(a) of the Federal Rules of Civil Procedure and 28 U.S.C. § 1446(b).

21. The prerequisites of removal under 28 U.S.C. § 1441 have been met.

22. The allegations of this Notice are true and correct and within the jurisdiction of the United States District Court for the Northern District of Alabama, Northeastern Division.

23. Should any question arise as to the propriety of the removal of this action, Sun Life respectfully requests the opportunity to submit a brief and present oral argument in support of its position that this cause is removable. *Sierminski v. Transouth Fin. Corp.*, 216 F.3d 945, 949 (11th Cir. 2000).

WHEREFORE, PREMISES CONSIDERED, Defendants Aetna Life Insurance Company, The Hartford Financial Services Group, Inc., and Hartford Life and Accident Insurance Company, desiring to remove this civil action to the United States District Court for the Northern District of Alabama, Northeastern Division – the District and Division encompassing the county in which such civil action is pending – pray that the filing of this Notice of Removal shall effect the removal of said civil action to this Honorable Court.

Respectfully submitted this 3rd day of May 2021.

                                      */s/ William B. Wahlheim, Jr.*
                                      William B. Wahlheim, Jr.
                                      *Attorney for Defendants*

**OF COUNSEL:**
Maynard, Cooper & Gale, P.C.
2400 Regions/Harbert Plaza
1901 Sixth Avenue North
Birmingham, Alabama 35203
Telephone: (205) 254-1000
Facsimile: (205) 254-1999
wwahlheim@maynardcooper.com

## **CERTIFICATE OF SERVICE**

      I hereby certify that a copy of the foregoing Notice of Removal has been served upon the following counsel of record to this proceeding by placing a copy of same in the United States Mail, properly addressed and first-class postage prepaid this 3rd day of May 2021.

    Kenneth D. Hampton
    Suite A, 2004 Poole Drive
    Huntsville, AL 35810
    Tel: 256-859-8900
    kenhampton@bellsouth.net
    *Counsel for Plaintiff*

                                        */s/ William B. Wahlheim, Jr.*
                                        OF COUNSEL